## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID MONTALVO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 21-CV-290-SMY |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner David Montalvo's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 (Doc. 1).  For the following reasons, the Petition is **DENIED**.[1]

### Factual and Procedural Background

Petitioner Montalvo is a federal prisoner incarcerated at FCI-McDowell.  On August 23, 2017, Petitioner was charged in a one-count indictment for possessing contraband in prison ("Suboxone, a narcotic drug"), in violation of 18 U.S.C. § 1791(a)(2).  *United States of America v. David Montalvo,* Case No. 17-cr-30141-SMY (S.D. Ill. Aug. 23, 2017, Doc. 1).  He pleaded guilty on November 7, 2017.  *United States of America v. David Montalvo,* Case No. 17-cr-30141-SMY (S.D. Ill. Nov. 7, 2017, Doc. 17).  In conjunction with his guilty plea, Montalvo signed a Stipulation of Facts that provides, in relevant part:

> 1. On June 17, 2017, David A. Montalvo was an inmate of the Bureau of Prisons housed at FCI Greenville.

---

[1] Based on its review of the filings, this Court concludes that the issues in this case can be resolved on the existing record; an evidentiary hearing is not necessary.  *Cooper v. United States,* 378 F.3d 638, 641-642 (7th Cir. 2004).

2.  FCI Greenville is located in Bond County, within the Southern District of Illinois.

3.  On June 17, 2017, staff members of FCI Greenville conducted a search of all inmates.

4.  David A. Montalvo indicated he possessed Suboxone in his pocket.  FCI Greenville staff members located Suboxone in David A. Montalvo's pocket just as Montalvo stated.

5.  In FCI Greenville, Suboxone is a prohibited object.  David A. Montalvo did not have a prescription for Suboxone.

6.  The items seized by staff at FCI Greenville were both identified as Suboxone by a nurse and tested positively for Suboxone.

7.  Suboxone is a narcotic known also as Buprenorphine, Buprenex, Temgesic, and Subutex.

*United States of America v. David Montalvo,* Case No. 17-cr-30141-SMY (S.D. Ill. Nov. 7, 2017, Doc. 18, pp. 1-2).

In open court, the undersigned conducted a colloquy with Montalvo regarding the

Stipulation of Facts and the factual basis provided by the Government:

Q.  Mr. Montalvo, I have been provided with a Stipulation of Facts, a written document.  Is that your signature of the second page of that document?

A.  Yes, ma'am.

Q.  And did you have a sufficient opportunity to review that Stipulation with Mr. Brengle [his attorney] and to discuss it before you signed it?

A.  Yes, ma'am.

Q.  All right.  Then in terms of the factual basis, in other words, what the Government's evidence would be if this case were to proceed to trial, you heard Mr. Cutchin [the Government's attorney] summarize it.  And based on that, and the facts in the Stipulation, do you agree that that's the factual basis?  In other words, do you agree that would be the evidence that the Government would present if this case were to go to trial?

A.  Yes, ma'am.

Q.  Okay.  Do you have questions at this point?

A.  No, ma'am.

Q.  Then at this time, Mr. Montalvo, I'm going to ask how you plead to the charge in the Indictment that you committed the offense of possessing contraband in prison, as alleged in the Indictment, guilty or not guilty?

A.  Guilty, ma'am.

*United States of America v. David Montalvo,* Case No. 17-cr-30141-SMY (S.D. Ill. Aug. 9, 2022, Doc. 45, pp. 7-8).

Montalvo was ultimately sentenced to 18 months imprisonment with no supervised release, to run consecutively with his prior prison term. *United States of America v. David Montalvo,* Case No. 17-cr-30141-SMY (S.D. Ill. Feb. 21, 2018, Doc. 27). He did not file a direct appeal. Montalvo raises the following claims in the instant Petition: (1) this Court did not have subject matter jurisdiction over the charged offense and he is innocent because Suboxone is not a controlled substance; (2) his attorney was ineffective for failing to object on that and other bases; and (3) he did not enter into a plea agreement to waive his right to appeal (Doc. 1).

## Discussion

An action brought under 28 U.S.C. § 2255 is an attempt to collaterally attack a sentence outside of the traditional avenue of appeal. Such relief "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013). In other words, § 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009).

Montalvo's argument that the Court had no jurisdiction because Suboxone is not a controlled substance is unavailing. First, Montalvo procedurally defaulted on this claim by not raising it in the trial court or on appeal. *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) (noting that "a claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal"). Moreover, whether or not Suboxone is a controlled substance is irrelevant to his conviction. The statute under which he was convicted

criminalizes "being an inmate of a prison, makes, possesses, or obtains, or attempts to make or contain, a prohibited object." 18 U.S.C. § 1791(a)(2). Montalvo signed a Stipulation of Facts in which he admitted that he possessed Suboxone and that it was a prohibited object.

Montalvo next argues that his attorney was ineffective based on several respects. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686 (1984). To prevail under this standard, the petitioner must prove: (1) that the attorney's performance fell below an objective standard of reasonableness; *and* (2) that the attorney's deficient performance prejudiced the petitioner such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McDowell v. Kingston,* 497 F.3d 757, 761 (7th Cir. 2007). "A [petitioner's] failure to satisfy either prong is fatal to his claim." *Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993).

Significantly, Montalvo cannot establish that he was prejudiced by any of his counsel's alleged improper decisions. His attorney raising the argument that Suboxone is not a controlled substance would not have changed the result because it is not an argument that is supported by the law. *Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004) (requires establishing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Similarly, Montalvo points to his attorney's failure to bring administrative sanctions to the Court's attention. But his attorney's actions in that regard had no bearing on his conviction or sentence. Montalvo's claim that "Counsel never specifically discuss [sic] not explained with the movant surrounding the 11-hundred dollars he

will be [ordered to pay]" ignores that it was stated in the Elements and Penalties and any discussion would not have altered the proceedings. *Id.*

Montalvo's final argument, that his plea agreement did not result in a waiver of his right to appeal, is unavailing; he did not enter into a plea agreement.

## Conclusion

For the foregoing reasons, Montalvo's Petition is **DENIED**; this action is **DISMISSED with prejudice**.

All pending motions are **TERMINATED** as **MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335-336 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Montalvo must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Montalvo has not made a substantial showing that his conviction was improper or that his counsel's representation was ineffective. Nor has he demonstrated that reasonable jurists

would disagree with the Court's analysis.   Therefore, the Court declines to certify any issues

for appeal.

          **IT IS SO ORDERED.**

          **DATED:  October 20, 2022**

                                       **STACI M. YANDLE**
                                       **United States District Judge**